The Honorable Jerry R. Brown State Representative 1001 Oakwood Drive Wynne, Arkansas 72396-1801
Dear Representative Brown:
I am writing in response to your request for my opinion on the following two (2) questions regarding mineral deeds:
 (1) What is the procedure for filing mineral deeds with the county clerk?
 (2) Do mineral deeds require document tax stamps when they are recorded?
As background for your request, you stated that appraisers in your district believe "that mineral deeds are not being processed in accordance with applicable state law." Attached to your request was a letter from such an appraiser, which stated:
 It has come to the attention of myself and my fellow appraisers that certain transfers of real estate ownership are not applying the document tax stamps ($3.30 per $1,000 of value) . . . as required by law[.]
 With the demand for mineral valuations increasing, we as appraisers must have factual data in which to utilize for any valuations. The lack of deed stamps on a transfer document makes determining what the rights to a tract . . . [of] minerals sold for extremely difficult if not impossible. *Page 2 
RESPONSE
In response to your first question, in my opinion, the procedure for recording mineral deeds is the same as that for recording any other deed which conveys or affects real estate; a mineral deed may be recorded by the recorder of the county where the affected land is located. The answer to your second question is "yes," in my opinion. A conveyance of mineral rights is considered a transfer of real property under Arkansas tax law and, therefore, falls under the Real Property Transfer Tax Act. For this reason, a mineral deed cannot legally be recorded unless it has documentary stamps.
Question 1 — What is the procedure for filing mineral deeds with thecounty clerk?
It is well established in Arkansas that mineral rights are interests in real estate. See Arrington v United Royalty Co., 188 Ark. 270,65 S.W.2d 36 (1933); Watts v. England, 168 Ark. 213, 269 S.W. 585 (1925). I am not aware of any Arkansas law that prescribes a special procedure for recording mineral deeds. Accordingly, it is my opinion that the general rules for recording real estate deeds apply with equal force to mineral deeds. See, e.g., Andrews v. Bellis, 297 Ark. 3, 759 S.W.2d 532 (1988).
Arkansas Code Annotated § 18-12-209, which deals with the recordation of deeds or written instruments affecting real estate, states in relevant part:
 (a) Every deed or instrument in writing which conveys or affects real estate and which is acknowledged or proved and certified as prescribed by this act may, together with the certificate of acknowledgment, proof, or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby is located[.]
Moreover, Ark. Code Ann. § 14-15-402(a) provides:
 (a) It shall be the duty of each recorder to record, in the books provided for his office, all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing of or concerning any lands and tenements or goods and *Page 3 
chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in his office.
Thus, because a mineral deed is a "deed . . . which conveys or affects real estate," a mineral deed which meets the requirements for recordation as set forth above may be recorded by the county recorder in the same manner as any other real estate deed.
Question 2 — Do mineral deeds require document tax stamps when theyare recorded?
As previously stated, it is well established that mineral rights are considered real property in the state of Arkansas. The Arkansas Tax Code specifically defines "real property and lands" to include "the land itself . . . with all things therein contained[.]" A.C.A. § 26-1-101
(emphasis added). Transfers of real property are subject to state taxes, and the Real Property Transfer Tax Act is found at A.C.A. § 26-60-101et seq. Arkansas Code Annotated § 26-60-102 lists transfers excluded from taxation under this chapter; however, transfers of mineral rights are not among listed among the exclusions.[1] For these reasons, it is my opinion that transfers of mineral rights are subject to the Real Property Transfer Tax Act.
The Act states that:
 The Director of the Department of Finance and Administration shall design documentary stamps in appropriate denominations and shall make the stamps available for purchase at offices of the Revenue Division of the department of Finance and Administration and consignment arrangement with title companies, banks, and savings and loans associations throughout the state.
A.C.A. § 26-60-109. *Page 4 
Moreover, the portion of the Act which deals with recordation of deeds states:
 (a) It shall be the duty of the grantee or buyer, or his agent to furnish proof of payment of tax as provided in this chapter before the real estate transfer instrument may be accepted by the county recorder of deeds for recordation.
 (b) The county recorder of deeds shall not record any instrument evidencing a transfer of title subject to this chapter unless:
 (1) The instrument shall, at the time it is presented for recording have attached thereto or be accompanied by an affidavit in the form provided in this chapter, containing the information required in this chapter, and have documentary stamps attached to the face of the instrument evidencing full payment of the real property transfer tax on the transaction. The instrument shall contain a notation on its face, which shall be recorded as part of the instrument, that the affidavit was completed; or
 (2)(A) In the alternative, the instrument has stamped thereon or attached thereto, in a manner which will cause it to be recorded as a part of the instrument, the following statement: "I certify under penalty of false swearing that the legally correct amount of documentary stamps have been placed on this instrument."
 (B) This statement shall be signed by the grantee or his agent, and the grantee's address shall be clearly shown on the instrument.
 (c) The county recorder of deeds shall not record any instrument whereon documentary stamps are attached in such manner that the amount printed on each stamp is not visible.
A.C.A. § 26-60-110 (emphasis added.)
These provisions lead me to conclude that, because mineral deeds evidence real estate transfers which fall under the Real Property Transfer Tax Act, they may not be recorded unless documentary stamps are attached in the manner provided by law. In addition, it is my opinion that the recorder of each county has a duty, imposed by A.C.A. § 26-60-110, to verify the presence of documentary stamps on all mineral deeds within the scope of A.C.A. § 26-60-101 et seq. before accepting the same for recordation. *Page 5 
You also requested my advice regarding what remedies might be "available to an appraiser who is trying to ascertain correct valuations for properties[.]" While this individual should consult local counsel for advice on specific legal problems, I will set forth some general legal principles which might be of guidance. First, the Real Property Transfer Tax Act is enforced by the Director of the Department of Finance and Administration. See A.C.A § 26-20-103. In addition, A.C.A. § 26-60-111
sets forth penalties for those who "knowingly, willfully, and fraudulently" file deeds in violation of the Act. Finally, the law with regard to county recorders is set forth by Ark. Code Ann. § 14-15-401et seq.
In sum, mineral deeds are recorded in the same manner as any other real estate transfer. In addition, they are subject to the Real Property Transfer Tax Act found at A.C.A. § 26-60-101 et seq. and must, therefore, bear document tax stamps before they may be recorded.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Real Property Transfer Tax Act taxes a broad range of real estate transfers. Subsection 26-60-102 lists 11 exemptions ranging from the specific (timber deeds with a duration of less than 24 months) to the more general (instruments given in a divorce as a division of marital property). It should be noted that instruments conveying leasehold interests only are exempted from taxation. See A.C.A. § 26-60-102(6). However, because the letter attached to your opinion request refers to "transfers of real estate ownership," this opinion assumes that mineral leases are not within the scope of your question.
 *Page 1